**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| DARESSALAAM MALONE ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | |
| v. ) | Case No.: 3:20-cv-771 |
| ) | |
| CBE COMPANIES, INC. D/B/A ) | |
| CBE GROUP ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Daressalaam Malone, by and through the undersigned counsel, and for his Complaint against Defendant, CBE Companies, Inc. d/b/a CBE Group under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

## JURISDICTION

1.      This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2.      Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## STANDING

3.      Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

4.      Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the

1

right can sue without running afoul of Article III, even if he incurs no other injury[.]").

5.      "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

6.      "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

## **PARTIES**

7.      Plaintiff, Daressalaam Malone, (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

8.      Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

9.      Defendant, CBE Companies d/b/a CBE Group ("Defendant"), is an Iowa corporation with its principle offices at 1309 Technology Parkway, Cedar Falls, Iowa 50613.

10.     Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

11.     Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

12.     Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

13.     On a date better known by Defendant, Defendant began to attempt collection activities on Plaintiff's alleged debt.

14.     On or about April 2, 2019, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

15.     The debt was said to be allegedly owed for a Charter Spectrum at a residence, and therefore would only have been used for personal or household purposes.

16.     The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

17.     The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

18.     During the telephone call, Plaintiff stated he wanted to dispute the debt.

19.     Defendant's representative then stated that Plaintiff was more than welcome to dispute, but that she was unsure how successful Plaintiff would be with a dispute.

20.     Defendant's statement could have no other purpose than to dissuade Plaintiff from exercising his right to dispute the alleged debt.

21.     Defendant's representative's view on Plaintiff's dispute is entirely irrelevant unless that representative was attempting to prevent Plaintiff from disputing.

22.     Defendant's representative then attempted to offer Plaintiff a settlement offer.

23.     Defendant's representative should have marked the account as disputed and immediately ceased collection activity until proper validation had been provided to the consumer.

24.     Instead, Defendant attempted to coerce Plaintiff into making a payment on the alleged account that Plaintiff clearly would not have otherwise made as he did not feel the debt was accurate.

25.     In furtherance of her refusal to mark the account as disputed, Defendant's representative told Plaintiff that she would mark only that she spoke to Plaintiff and that the account would remain in collections.

26.     Defendant did not acknowledge or accept Plaintiff's dispute.

27.     Once Plaintiff again stated his position, Defendant stated that Plaintiff would need to show proof that the account was paid.

28.     Plaintiff is under absolutely no obligation to show the invalidity of the debt. Rather, it is the duty of Defendant to prove the debt is valid if it wants to continue collection efforts.

29.     Defendant's representative went so far as to hang up on Plaintiff while he was still attempting to effectuate his dispute despite Defendant's representative's repeated refusals.

30.     Defendant knew, or should have known, that the above statements were false, misleading, and harassing in nature.

31.     All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

32.     Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

33.     Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

34.     Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

35.     Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendants.

36.     Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

37.     Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, <u>Goswami v. Am. Collections Enter., Inc.</u>, 377 F.3d 488, 495 (5th Cir. 2004); <u>Taylor v. Perrin, Landry, deLaunay & Durand</u>, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, <u>Goswami</u>, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

**COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt**

38.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

39.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

40.     Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

41.     Defendant's collection efforts only serve to confuse and mislead the consumer.

42.     Defendant's collection efforts were materially false, misleading, and deceptive.

43.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Daressalaam Malone, prays that this Court:

A.     Declare that Defendant's debt collection actions violate the FDCPA;

B.      Enter judgment in favor of Plaintiff Daressalaam Malone, and against

Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided

by § 1692k(a) of the FDCPA; and

C.      Grant other such further relief as deemed just and proper.

## COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

44.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated

herein.

45.     Section 1692d prohibits any debt collector from engaging in any conduct the natural

consequence of which is to harass, oppress, or abuse any person in connection with the collection of

a debt.

46.     Defendant's communications with Plaintiff were meant to shame, embarrass, and

harass Plaintiff by misrepresenting the alleged debts status.

47.     Defendant's violation of § 1692d of the FDCPA renders it liable for actual and

statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Daressalaam Malone, prays that this Court:

A.      Declare that Defendant's debt collection actions violate the FDCPA;

B.      Enter judgment in favor of Plaintiff Daressalaam Malone, and against

Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided

by § 1692k(a) of the FDCPA; and

C.      Grant other such further relief as deemed just and proper.

## COUNT III: Violations Of § 1692f Of The FDCPA –Unfair Practices

48.     Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated

herein.

49.     Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

50.     Defendant's communications with Plaintiff were deceptive and misleading.

51.     Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

52.     Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Daressalaam Malone, prays that this Court:

A.     Declare that Defendant's debt collection actions violate the FDCPA;

B.     Enter judgment in favor of Plaintiff Daressalaam Malone, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C.     Grant other such further relief as deemed just and proper.

**JURY DEMAND**

53.     Plaintiff demands a trial by jury on all Counts so triable.

Dated: April 1, 2020

Respectfully Submitted,

**HALVORSEN KLOTE**

By:     /s/ Samantha Orlowski

Samantha Orlowski, #72058
Joel Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
Sam@hklawstl.com
joel@hklawstl.com
*Attorney for Plaintiff*